# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 2990 | DATE | 12/1/2004 |
| CASE TITLE | TYRONE CARTER vs. U.S. DEPARTMENT OF EDUCATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants the Department's motion to dismiss [doc. no. 6]. This case is terminated. Any pending motions or schedules are stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 9 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | 2004 DEC -2 AM 8:26 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE CARTER, ) | |
| ) | DEC 0 2 2004 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge Ronald Guzmán |
| UNITED STATES DEPARTMENT ) | |
| OF EDUCATION, ) | No. 04 C 2990 |
| ) | |
| Defendant ) | |

## MEMORANDUM OPINION AND ORDER

Tyrone Carter filed this *pro se* complaint, asking the Court to discharge his indebtedness to the defendant, the United States Department of Education ("the Department"), for student loans administered between 1984 and 1989. Before the Court is the Department's motion to dismiss pursuant to Rules 8(a), 8(e), 10(b) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

## BACKGROUND

On April 27, 2004, Carter filed this one-sentence complaint against the Department, which states: "I Tyrone Carter is requesting to the Court to order the U.S. Department of Education to discharge my debt due to negligence[,] falsify documents and statute of limitations." In February 2001, Carter filed a nearly identical complaint, which said: "I Tyrone Carter is filing motion to request that the court to order the U.S. Department of Education to discharge the balance of my debt [due] to falsify interest rates and negligence and also request the original agreement." *See Carter v. U.S. Dep't of Educ.*, No. 01 C 757 (N.D. Ill. 2001) (Compl.). Carter's first suit was assigned to

Judge Pallmeyer, who dismissed it on the grounds that the Higher Education Act, 20 U.S.C. § 1071, does not provide a private right of action. *See Carter v. U.S. Dep't of Educ.*, No. 01 C 757, 2001 WL 1268570, at *1-2 (N.D. Ill. Oct. 23, 2001).

## THE LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Complaints brought by *pro se* litigants should be "liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." *McCormick v. City of Chicago*, 320 F.3d 329, 325 (7th Cir. 1989). Nevertheless, this Court is "not obliged to ignore facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). Accordingly, this Court will not hold Carter to the same high standard it would expect from an experienced attorney, but it will not sanction his cause of action simply because he is *pro se*.

## DISCUSSION

The Department contends that this action is barred by the doctrine of *res judicata*. That doctrine bars re-litigation of issues that were, and those that could have been but were not, decided in a prior lawsuit. *Lee v. City of Peoria*, 685 F.2d 196, 198 (7th Cir. 1982). Thus, "[t]he doctrine of *res judicata* . . . requires litigants to join in a single suit all legal and remedial theories that

2

concern a single transaction." *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997) (internal quotation marks and citation omitted). Because Carter's first suit was filed in federal court, "the federal rule of *res judicata* determines whether [that] suit bars [him] from maintaining this action." *In re Energy Coop., Inc.*, 814 F.2d 1226, 1230 (7th Cir. 1987). For *res judicata* to apply, there must be "(1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." *Id.*

The first element is clearly met. Carter is the sole plaintiff and the Department is the sole defendant in both the 2001 suit and in the present case. Thus, the parties in the two cases are identical.

The second element, identity of causes of action, is a bit more complicated. Carter argues that the present matter differs from the previous one in two ways: (1) the amounts and evidence concerning his loans are different now than they were in 2001; and (2) the current complaint contains a "statute of limitations" claim that was not raised in the first one. Neither difference is dispositive.

Causes of action are identical, for *res judicata* purposes, if they derive from "a single core of operative facts." *Roboserve*, 121 F.3d at 1034 (internal quotation marks and citation omitted). As Carter admits, both of his cases seek to nullify his debt to the Department for the same student loans. Because the claims in both suits arise from a single core of operative facts, they are identical.

Carter also says the cases differ because the current complaint includes a "statute of limitations" claim that was absent from the first. The doctrine of *res judicata*, however, bars Carter from re-litigating not only the matters that were actually decided in the prior action, but also those that could have been raised in it. *Id.* As the existence of the 2001 lawsuit establishes, the Department's collection efforts are not a recent development. Thus, any "statute of limitations"

3

claim that Carter now asserts was available to him in 2001. Carter's failure to litigate that claim in 2001 precludes him from doing so now.

That brings us to the last element of *res judicata:* a final judgment on the merits in the prior action. In the original proceedings, Judge Pallmeyer granted the Department's motion to dismiss on the grounds that Higher Education Act, 20 U.S.C. § 1071, does not provide a private right of action. *See Carter,* 2001 WL 1268570 at *1-2. That decision constituted a final judgment on the merits of Carter's claim. *See Bell v. Hood,* 327 U.S. 678, 682 (1946) (stating that "the failure to state a proper cause of action calls for a judgment on the merits"). Thus, the last element of *res judicata* is met.

In sum, all three elements of *res judicata* are met in this case. Accordingly, the Department's motion to dismiss is granted.

## CONCLUSION

For the reasons set forth above, the Court grants the Department's motion to dismiss [doc. 6]. This case is hereby terminated.

SO ORDERED                     ENTERED: 12/1/04

**HON. RONALD A. GUZMAN**
**United States District Judge**